1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GREGORY LEONARD GONZALEZ,

Plaintiff,

v.

FRESNO COUNTY JAIL, et al.,

Defendants.

_____/

Case No. 1:14-cv-00909 DLB

ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

THIRTY-DAY DEADLINE

Plaintiff Gregory Leonard Gonzalez ("Plaintiff") is an inmate in the Fresno County Jail proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 13, 2014.  He names the Fresno County Jail, Fresno County Sheriff Margaret Mims, and the Fresno County Jail Medical Staff as Defendants.[1]

**A.**     <u>**SCREENING STANDARD**</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

_____

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on June 20, 2014.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated at the Fresno County Jail, where the events at issue occurred.

Plaintiff alleges that between May 22, 2014, and May 24, 2014, three inmates were assaulted "in a 12 man minimum security housing." ECF No. 1, at 4. Rather than Classification investigating the problem, the inmates were moved.

Plaintiff states that he is in protective custody. On May 25, 2014, Plaintiff was assaulted in

the same housing unit and received lacerations from a razorblade.  Plaintiff contends that the

Fresno County Jail and Defendant Mims failed to properly and safely house him, which caused a

dangerous environment.

Plaintiff also alleges that overcrowding created unsafe housing conditions.

On May 25, 2014, Plaintiff received stitches to his face.  His head hit the bars and he

complained about face pain, but he did not receive x-rays or medication for two and one-half days.

Plaintiff was never transported to a hospital, and he argues that the Fresno County Jail is not

adequately supplied to treat certain wounds.  Plaintiff suggests that the inside of his mouth was left

untreated.

C.    **DISCUSSION**

1.    Fresno County Jail and Fresno County Jail Medical Staff

A local government unit may not be held responsible for the acts of its employees under a

respondeat superior theory of liability.  Monell v. Dept. Soc. Servs., 436 U.S. 658, 691 (1978);

Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158,

1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).

Rather, a local government unit may only be held liable if it inflicts the injury complained of.

Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability

requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force'

behind the constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652,

667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989).

Alternatively, and more difficult to prove, municipal liability may be imposed where the local

government unit's omission led to the constitutional violation by its employee.  Gibson, 290 F.3d

at 1186.  Under this route to municipal liability, the "plaintiff must show that the municipality's

deliberate indifference led to its omission and that the omission caused the employee to commit

the constitutional violation."  Id.  Deliberate indifference requires a showing "that the municipality

was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Here, although Plaintiff names the Fresno County Jail and the Fresno County Jail Medical Staff, he makes no allegations that would sustain liability under Monell. He does not allege facts to support a claim that an alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by Fresno County. He also fails to allege that any omission on the part of Fresno County caused an employee to commit a constitutional violation.

Plaintiff therefore fails to state a claim against the Fresno County Jail and the Fresno County Jail Medical Staff. Plaintiff will be granted leave to amend, but should only do so if he believes he can amend in good faith.

      2.    Failure to Protect

As an initial matter, it is unclear whether Plaintiff was a convicted prisoner or a pretrial detainee at the time of the events in question. However, while pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Bell v. Wolfish, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment

only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Here, Plaintiff, a protective custody inmate, alleges that Defendant Mims and the Fresno County Jail failed to properly and safely house him. However, he does not sufficiently explain his claim. It is unclear whether the inmates who were assaulted ultimately assaulted Plaintiff after they were moved, or whether the alleged failure to investigate the prior assaults resulted in Plaintiff's assault. Without sufficient factual detail, the Court cannot adequately analyze Plaintiff's claim. Under either scenario, however, Plaintiff's bare assertion that Defendant Mims and the Fresno County Jail failed to properly house him does not state a claim.

To the extent that Plaintiff suggests that overcrowding contributed to the assault, his allegation is insufficient to state a claim. Allegations of overcrowding, alone, are insufficient to state a claim under the Eighth Amendment. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir.1989); Akao v. Shimoda, 832 F.2d 119, 120 (9th Cir.1987) (per curiam).

Plaintiff has therefore failed to state a failure to protect claim. He will be permitted to amend, but he must keep in mind the above standards.

    3.    Denial of Medical Care

Again, it is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the events at issue. However, while pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Therefore, the analysis is the same regardless of Plaintiff's status.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir.

1   2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir.

2   2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091,

3   1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that

4   failure to treat [his] condition could result in further significant injury or the unnecessary and

5   wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

6   indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).

7   Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain

8   or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122

9   (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which

10   entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks

11   omitted); Wilhelm, 680 F.3d at 1122.

12       According to Plaintiff's allegations, he received stitches on the day he was assaulted.  He

13   appears to contend that even though his head hit the bar and he complained of pain, he did not

14   receive an x-ray or pain medication for two and one-half days.  He also complains that he was

15   never transported to a hospital, and contends that the Fresno County Jail is not adequately supplied

16   to treat certain wounds.

17       Plaintiff fails, however, to demonstrate that any Defendant acted with deliberate

18   indifference.  Not only does he fail to link any individual Defendant to his allegations of

19   inadequate medical treatment, but he also fails to present sufficient facts surrounding the medical

20   decisions of which he complains.

21   **D.**     **CONCLUSION AND ORDER**

22       For the above reasons, Plaintiff's complaint fails to state any claims for which relief may

23   be granted.  Plaintiff will be given leave to amend.  In amending, Plaintiff should also clarify

24   whether he was a pretrial detainee or a convicted prisoner at the time of the events at issue.

25       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

26   each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may

27   not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556

28   U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct.

1    2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

2    right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

3          Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa</u>

4    <u>County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without

5    reference to the prior or superceded pleading," Local Rule 220.

6          Accordingly, it is HEREBY ORDERED that:

7          1.     Plaintiff's complaint is dismissed, with leave to amend;

8          2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

9          3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

10   amended complaint; and

11         4.     If Plaintiff fails to file an amended complaint in compliance with this order, this

12   action will be dismissed, with prejudice, for failure to state a claim.

13

14   IT IS SO ORDERED.

15       Dated:   __December 2, 2014__          _____/s/ *Dennis L. Beck*

16                                            UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28