# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LEONARD GONZALEZ, | Case No. 1:14-cv-00909 DLB |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| v. | |
| FRESNO COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff Gregory Leonard Gonzalez ("Plaintiff") is an inmate in the Fresno County Jail proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 13, 2014.[1]

On December 2, 2014, the Court screened Plaintiff's complaint and dismissed it with leave to amend. On December 22, 2014, the order was returned by the United States Postal Service with the notation, "Undeliverable, Not in Custody."

Plaintiff is required to keep the Court apprised of his current address at all times, and Local Rule 183(b) provides, "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on June 20, 2014.

prejudice for failure to prosecute." Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[2]

Plaintiff's address change was due by February7 23, 2015, but he failed to file one and he has not otherwise been in contact with the Court. Fed. R. Civ. P. 6(d); Local Rule 183(b). "In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

The expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. This case has been pending since June 13, 2014, and there is no operative complaint. Further, an opposing party is necessarily prejudiced by the aging of a case left to idle indefinitely as a result of the plaintiff's disinterest in either moving forward or taking action to dismiss the case. *Id.*

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* at 1228.

Finally, given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute. *In re PPA,* 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441.

///

---

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

Accordingly, the Court HEREBY DISMISSES this action, without prejudice, based on Plaintiff's failure to prosecute by keeping the Court apprised of his current address. Fed. R. Civ. P. 41(b); Local Rule 183(b).

IT IS SO ORDERED.

Dated:   **March 3, 2015**                         /s/ *Dennis L. Beck*
                                              UNITED STATES MAGISTRATE JUDGE